UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL BARCIA, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    05-4501** |
| **ENI US OPERATING, CO., INC.** | **SECTION: "N"(4)** |

### ORDER

Before the Court is a **Motion to Compel Independent Medical Examination (doc. # 6)** filed by the defendant ENI US Operating Co., Inc., ("ENI") seeking an order from this Court compelling the plaintiff, Michael Barcia, Jr., to submit to an independent medical examination ("IME"). ENI also seeks $400.00 in reimbursement for costs connected with the filing of this motion under Rule 37.

Barcia filed an opposition motion, and ENI filed a response. This Court held an oral hearing on this motion on March 22, 2006.

**I.    Factual Summary/Background**

    **A.    The Complaint**

Barcia commenced this action on October 3, 2005, alleging that while acting in the scope of his employment as a sandblaster/painter for his employer Danos & Curole Marine Contractors aboard an ENI tension leg platform in the Outer Continental Shelf, he fell through an unprotected hole or opening and injured his foot and leg. Barcia alleges that the injury required surgery and

physical therapy. He further alleges that the accident resulted solely from ENI's negligence. ENI answered, denying liability.

### B. The Motion to Compel

ENI filed this motion seeking an order compelling Barcia to submit to an IME by Dr. William Dabdoub, a podiatrist in Slidell, Louisiana because the evidence obtained by Barcia indicates that he may not be able to return to offshore work because of his foot injury. The injury resulted in the implantation of several pins and screws in his first and second metatarsal. Therefore, ENI contends that good cause exists to compel an IME of Barcia and it seeks reasonable attorney fees and costs for having to file the subject motion.

Barcia opposed the motion and contends that ENI should not be allowed to conduct an IME because Barcia provided x-rays of his foot which indicate the extent of his injury. He also opposes the selection of a podiatrist to perform the exam, noting that he retained a foot and ankle specialist. Finally, he opposes the exam because it would take place in Slidell and he lives in Baton Rouge where he contends the exam should take place.

ENI responded by indicating that Dabdoub is a certified podiatrist and that he has testified in at least two courts in courts in Louisiana.

## II. Standard of Review

Rule 35(a) of the Federal Rules of Civil Procedure provides that "[w]hen the mental or physical condition . . . of a party . . .is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown." FED. R. CIV. P. 35(a).

Thus, there is a two-part test for determining whether the motion will be granted. First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104 (1964).

## III.  Analysis

In this case, the parties do not dispute that Barcia's injury is in controversy. Instead, the parties disagree about whether good cause exists to require an IME.

### A.  Good Cause

ENI contends that good cause exists to order the IME because Barcia alleges that his physical condition prevents him from earning wages commensurate with his pre-injury wages. Further, ENI contends that without the IME, it will be prejudiced at trial by not being able to offer expert testimony to refute and independently evaluate Barcia's claims.

Barcia claims the x-rays establish that he is disabled. He further claims that he provided the x-rays to ENI, and that its expert can study the x-rays instead of performing an IME. Accordingly, Barcia alleges that there is no good cause shown and an IME should not be ordered.

The Supreme Court in *Schlagenhauf* noted that a "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf*, 379 U.S. at 119. ENI, therefore, has shown good cause to have the extent of Barcia's injury and its existence examined and confirmed. The Court concludes that Barcia shall submit to an exam by the podiatrist chose by ENI.

### B.  Suitably Licensed Examiner

Barcia contends that he should not be required to submit to an IME because he does not

know if the examination would be conducted by a "suitably licensed or certified examiner," citing the requirements provided by Rule 35(a). Barcia contends ENI provided no curriculum vitae indicating Dabdoub's qualifications.

In response to Barcia's concern over the podiatrist's qualifications, ENI filed with the Court and served on Barcia a copy of Dabdoub's curriculum vitae. According to the curriculum vitae, Dabdoub graduated from the Illinois College of Podiatric Medicine with a D.P.M. in 1979 and then completed a two-year surgical residency at the University of Chicago Hospitals and Clinics. Further, Dabdoub is a diplomate of the American Board of Podiatric Surgery. The Court concludes that Dr. Dabdoub is a suitably licensed examiner for purposes of Rule 35.

### C.      The IME's Location

Barcia contends that if the Court orders an IME, it should take place in Baton Rouge, and not Slidell. In support of this argument Barcia cites to *Stuart v. Burford*, a 1967 case from the Northern District of Oklahoma which required that the defendant find a doctor in the district where the case was pending. *See* 42 F.R.D. 591 (N.D. Okl. 1967).

In *Stuart*, the plaintiff resided in Tulsa and the defendant sought an IME in Oklahoma City, 118 miles away. The *Stuart* Court concluded that an IME should be conducted in Tulsa or the vicinity as "[n]o good cause has been shown for a physical examination of the plaintiff . . . outside the Judicial District where the action pends." *Id*. at 593.

In response to Barcia's suggestion that the IME be ordered for Baton Rouge, ENI notes that Baton Rouge is outside this Court's district and that no authority exists for requiring an IME outside the district in which the Court sits. Further, ENI notes that Barcia filed his complaint in the Eastern District, choosing this forum.

The Court notes that the *Stuart* Court only required that the doctor performing the IME be in the same judicial district where the action is pending. In that case, the Court specifically noted that an Oklahoma City doctor may not be subject to its subpoena power. Here, the Court notes that Baton Rouge is located in the Middle District of Louisiana. If in fact *Stuart* requires anything at all, it is that an IME not take place in Baton Rouge but in the Eastern District of Louisiana. Accordingly, this Court declines to order an IME to take place in Baton Rouge rather than Slidell.

**C.    Costs and Fees**

Finally, ENI contends that it should be awarded reimbursement of costs under Rule 37 because Barcia failed to consent to an IME and it was forced to file the subject motion. Barcia alleges that reimbursement of costs and sanctions cannot be awarded under Rule 37 for a motion to compel an IME.

Rule 37 provides for the reimbursement of costs associated with the filing of a motion to compel under certain circumstances. These circumstances include when a party fails to properly respond to discovery under Rules 26, 30, 31, 33, or 34. *See* FED. R. CIV. P. 37(a)(2)(A)-(B) and 37(a)(4)(A). However, the Rule does not provide for the reimbursement of costs associated with filing a motion under Rule 35. Nor does Rule 35 itself provide for the recovery of costs. Accordingly, any fees assessed would necessarily arise from the Court's inherent sanctioning power.[1]

The Court notes "that federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lafarge Corp. v. M/V Macedonia Hellas*, CIV.A. 99-2648, 2000 WL 1586402, at *4 (E.D.La. Oct. 23, 2000) (*citing Link*

---

[1] Rule 37 provides sanctions only "[w]here a party has failed to comply with an order under Rule 35(a)." FED. R. CIV. P. 37(b)(2)(E).

*v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Accordingly, the Court "may order sanctions . . . for misconduct either pursuant to Rule 37(b)(2) . . . which authorizes a court to assess a sanction for violation of a discovery order, or pursuant to the court's inherent power to protect [its] integrity and prevent abuses of the judicial process." *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir 1998).

Any costs assessed as sanctions in this case would necessarily come from the Court's inherent power to sanction, and "courts must act with restraint and discretion when exercising such harsh powers" and this power should only be used for the limited purpose of making the court function. *Lafarge*, 2000 WL 1586402 at *4. While the Court notes that it defies logic that Barcia's counsel would conclude that Barcia would not have to submit to an IME, the Court concludes that in this case, Barcia's failure to agree to an IME does not warrant the use of its sanctioning power.

Accordingly,

**IT IS ORDERED** that ENI's **Motion to Compel Independent Medical Examination (doc. # 6)** is **GRANTED IN PART** to the extent that Barcia must submit to an IME performed by Dr. William Dabdoub in Slidell, and **DENIED IN PART** to the extent that the ENI seek sanctions.

New Orleans, Louisiana, this 4th day of May, 2006.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**